UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

JUANNELIOUS BENJAMIN MURRAY, SR.,        United States District Court
                                          Case No. 21-cv-12848
              Debtor,                     Judge Paul D. Borman

_____/

JUANNELIOUS BENJAMIN MURRAY, SR.,

              Plaintiff/Appellant,        Bankr. Case No. 19-43879-mlo
                                          Chapter 13
v.                                        Judge Maria L. Oxholm

SAFIR LAW P.L.C.,                         Adv. Pro. No. 19-04275-mlo

              Defendant/Appellee.

_____/

## OPINION AND ORDER GRANTING DEFENDANT/APPELLEE SAFIR LAW P.LC.'S AMENDED MOTION FOR SANCTIONS (ECF NO. 21)

Appellant Juannelious Benjamin Murray, Sr. has filed six unsuccessful Chapter 13 bankruptcy cases between 2015 and 2019, all of which were dismissed for failure to make proposed plan payments. As part of his latest Chapter 13 case, filed in 2019, Murray filed an adversary proceeding against Appellee Safir Law, P.L.C., who had represented him in a state court personal injury lawsuit against his insurer, Allstate Insurance Company, in 2015 and 2016. On August 20, 2019, the Bankruptcy Court dismissed Murray's 2019 Chapter 13 case "for failure to comply

with the terms and conditions set forth in the Order Regarding Trustee's Motion to Dismiss," and also dismissed Murray's adversary proceeding against Safir Law.

On appeal, this Court affirmed the dismissal of the adversary proceeding on subject-matter jurisdiction grounds. *In re Murray*, No. 19-12613, 2020 WL 5291964 (E.D. Mich. Sept. 4, 2020). Murray appealed, and the United States Court of Appeals for the Sixth Circuit affirmed the dismissal of Count 1 and Counts 3 through 6, but remanded Count 2 for the subject-matter determination. *In re Murray*, No. 20-1910, 2021 WL 4026732 (6th Cir. Sept. 3, 2021).

On remand, the Bankruptcy Court, following oral argument, issued an oral Opinion and Order declining to exercise residual jurisdiction over Count 2 of the adversary proceeding and dismissing the case. Murray appealed the dismissal of Count 2 of his 2019 adversary proceeding, and on May 27, 2022, this Court entered an Opinion and Order Affirming the Bankruptcy Court's Order. *In re Murray*, No. 21-12848, 2022 WL 1714623 (E.D. Mich. May 27, 2022). The Sixth Circuit Court of Appeals entered an Opinion on March 29, 2023, affirming the Bankruptcy Court's and this Court's opinions. *In re Murray*, No. 22-1514, 2023 WL 2682372 (6th Cir. Mar. 29, 2023).

After this Court entered its Opinion and Order, and before Murray filed his Notice of Appeal to the Sixth Circuit Court of Appeals, Appellee Safir Law filed the

2

instant Amended Motion for Sanctions pursuant to Fed. R. Bankr. P. 8020 and 28 U.S.C. § 1927. (ECF No. 21.) The motion has been fully briefed. The Court has carefully considered the parties' submissions and does not believe that oral argument will aid in its disposition of this matter; therefore, it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

For the reasons discussed below, the Court GRANTS Defendant/Appellee Safir Law P.L.C.'s Motion for Sanctions.

## I.   BACKGROUND

### A. Murray's 2015 State Court Allstate Case and 2016 Chapter 13 Bankruptcy Case

In 2015, Safir Law, P.L.C. filed an auto negligence action for no-fault benefits against Allstate Insurance Company on Juannelious Murray, Sr.'s behalf in the Wayne County Circuit Court (the "Allstate Case"). (ECF No. 3, Bankr. Record, PageID.1453-54, Safir Aff. ¶ 4.) On June 29, 2016, Safir Law agreed, through a facilitator, and with Murray's authority, to settle the Allstate Case in principle for $61,000.00. (*Id.* PageID.1454, Safir Aff. ¶ 5.) The case was settled with the expectation that Murray's medical providers would be paid out of the settlement proceeds, and that Safir Law would negotiate payment of a compromised amount

with each provider. (*Id.* ¶¶ 5, 7.) Safir Law subsequently bargained a reduction in medical provider debt from $66,145.33 to $24,063.61. (*Id.* ¶ 7.)

While that lawsuit was pending in state court, Murray commenced a Chapter 13 bankruptcy case, Case No. 16-46387, on April 27, 2016 (the "2016 Chapter 13 Case"). Murray claimed three exemptions as to the Allstate Case. (ECF No. 3, Bankr. Record, PageID.238, Chapter 13 Exemptions.)

On August 2, 2016, when Murray was at the Safir Law office to sign the settlement agreement and release in the state court case, he told Safir Law for the first time about his pending Chapter 13 bankruptcy case. (ECF No. 3, Bankr. Record, PageID.1454, Safir Aff. ¶ 8.) Safir Law counsel called Murray's bankruptcy attorney the next day, who advised Safir Law's counsel that he thought the Bankruptcy Case "will get dismissed." (*Id.* ¶ 9.)

Murray alleges that Allstate drew the $61,000 settlement check, payable to Safir Law and Murray, on August 4, 2016, and that Safir Law then sent an email to Murray's bankruptcy attorney, Marshall D. Schultz, regarding  Murray's medical bills. (ECF No. 3, Bankr. Record, PageID.215, AC.) That email, regarding "Juannelious Murray List of Medical Bills to be paid" stated:

Good Morning,

Below is a list of the medical providers and bills plus the amounts to be paid for Mr. Murray's accident-related treatment. Please let us know if you need any additional information.

Henry Ford Hospital: $727.38 owed, $727.38 to be paid
Advanced Spine & Headache Center $906.00 owed, $700.00 to be paid
Alliance Medical Billing: $3,548.00 owed, $2,365.33 to be paid
Premier MRI/CT: $922.00 owed, $800.00 to be paid
MKS Physical Therapy: $6,535.00 owed, $4,000.00 to be paid
Orthokinect: $100.00 owed, $75.00 to be paid
Michigan CRNAs: $2,182.00 owed, $1,300.00 to be paid
Synergy: $12,495.03 owed, $0.00 to be paid (Allstate to Indemnify and hold harmless and defend client)
Silver Pine Imaging: $15,900.00 owed, $0.00 to be paid (Allstate to Indemnify and hold harmless and defend client)
Total Toxicology: $1,492.00 owed, $0.00 to be paid (Allstate to Indemnify and hold harmless and defend client)

Have a great day.

(ECF No. 11-2, 8/4/2016 email, PageID.2003; ECF No. 3, Bankr. Record, PageID.699, 8/4/2016 email.)

On October 20, 2016, the Bankruptcy Court dismissed the 2016 Chapter 13 Case based on Murray's failure to make proposed plan payments (based on his 12.6 percent payment history). (ECF No. 3, Bankr. Record, PageID.256-57, Order Dismissing Chapter 13 Case.)

Eight days later, on October 28, 2016, the state court in the Allstate Case, after a hearing, entered the anticipated *Covenant* Order that approved and provided for

5

the distribution of the settlement funds and the discharge of Allstate's liability. (ECF

No. 3, PageID.1473-75.)  That Order stated, in relevant part:

> [T]he settlement is approved and distribution of the net proceeds is to
> be distributed as follows:

## DISTRIBUTION OF SETTLEMENT

| | |
|---|---|
| Total Amount of Settlement | $61,000.00 |
| Total Costs: | $104.35 |
| Amount after costs: | $60,895.65 |
| Attorney Fee: | $20,298.55 |
| Amount after Costs and Attorney Fee: | $40,597.10 |
| Amount of Plaintiff Investment Funding, LLC Lien (litigation funding) | $12,500.00 |
| Net Amount: | $28,097.10 |

IT IS FURTHER ORDERED the remaining amount after the above payments to be distributed per agreements with the following providers as follows:

| | Owed: | To be Paid: |
|---|---|---|
| Henry Ford Hospital | $ 727.38 | $ 727.38 |
| Advanced Spine & Headache Center | $ 906.00 | $ 700.00 |
| Mendelson Kornblum Ortho. | $ 21,337.66 | $ 14,296.23 |
| Alliance Medical Billing | $ 3,548.00 | $ 2,365.00 |
| Premier MRI/CT | $ 922.00 | $ 600.00 |
| MKS Physical Therapy | $ 6,535.00 | $ 4,000.00 |
| Orthokinect | $ 100.00 | $ 75.00 |
| Michigan CRNAs | $2,182.00 | $ 1,300.00 |
| | $34,076.04 | $22,763.94[1] |

---

[1] Appellee explains in his brief that the $22,763.94 figure reflected in the Order is an arithmetical error, and that the correct total was $24,063.61. (ECF No. 3, Bankr. Record, PageID.1453-54, Safir Aff. ¶ 10.)

6

(*Id*.) The Order further provided for Murray to receive $4,100.26 from the settlement fund. (*Id*.)

While Murray alleges that Allstate drew the $61,000 settlement check, payable to Safir and Murray, on August 4, 2016, he admits in his Adversary Complaint that Safir did not receive the check until sometime after the entry of the October 28, 2016 *Covenant* Order by the state court. (ECF No. 3, Bankr. Record, PageID.215-16, AC ¶¶ 25, 30.)

## B. Murray's 2018 State Court Case Against Safir Law

In July 2018, Murray, though his attorney, Steven A. Finegood, filed a five-count complaint in Wayne County Circuit Court, Case No. 18-007944-NM, against Safir Law and its principal, Attorney Joel Safir (collectively "Safir Law"). (ECF No. 3, Bankr. Record, PageID.571-6-73, 2018 WCCC Complaint.) Murray alleged in Counts 1 through 4 of that complaint that Safir Law "improperly embezzled or converted $44,190.03 for their own personal use from the $61,000.00 Allstate Insurance Company settlement fund." (*Id.* PageID.572-73.) Safir Law filed a motion for summary disposition as to Counts 1-4 in November 2018, and on January 18, 2019, the trial court dismissed Murray's embezzlement and conversion-related counts and awarded "sanctions against plaintiff's counsel as a consequence of his failure to perform, prior to the filing of the complaint, the reasonable inquiry required

7

by [court rule]." (ECF No. 3, Bankr. Record, PageID.556-59, 1/18/19 Order.) On January 19, 2019, the state court further ordered payment of $250.00 in sanctions, and ordered the complaint sealed. (*Id.*)

Murray alleged in Count 5 of the 2018 WCCC Complaint that Safir Law committed malpractice by failing to become authorized by the Bankruptcy Court to represent Murray in the Allstate Case. (ECF No. 3, Bankr. Record, PageID.580-583, WCCC Complaint, ¶ 41). Murray further alleged that Safir Law breached its duty by failing to "take reasonable steps to protect Murray's interests as a bankruptcy debtor regarding [the Allstate settlement check held by Allstate's defense counsel . . . to become] authorized by the U.S. Bankruptcy Court to promptly move the Wayne County Circuit Court to enter a proper order regarding remittance of the parties' settlement" and to refrain from taking an unearned attorney fee. (*Id*. ¶ 49.) Murray claimed that Safir Law proximately caused the dismissal of his 2016 Chapter 13 case and the loss of "all Chapter 13 benefits and discounts" he would have received as a Chapter 13 debtor." (*Id*. ¶¶ 51-52.)

On February 26, 2019, Safir Law filed a summary disposition motion in the state court as to Count 5. (ECF No. 3, Bankr. Record, PageID.1428-47, MSD Brief.) Safir Law argued that Murray's malpractice claim was baseless and should be dismissed and sought sanctions against both Murray and his counsel, Finegood. (*Id.*)

Murray failed to file any response to that motion. The unopposed motion for summary disposition was set for hearing on March 29, 2019.

### C. Murray's 2019 Chapter 13 Bankruptcy Case and Adversary Proceeding Against Safir Law

Meanwhile, on March 18, 2019, Murray filed another Chapter 13 bankruptcy case, Case No. 19-43879 ("2019 Chapter 13 Case").[2]

Next, on March 28, 2019, Murray and Finegood filed a Motion to Reopen the 2016 Chapter 13 Case. Then, at 3:44 a.m. on the morning of March 29, 2019 (the date set for the hearing on Safir Law's unopposed summary disposition motion in the 2018 WCCC Case), Murray filed a notice of removal of the 2018 WCCC Case, that *he* had filed in state court, to the Bankruptcy Court, and specifically to the long-closed 2016 Chapter 13 Case. (ECF No. 3, Bankr. Record, PageID.539-41, 1071-73, Notices of Removal.) The Notice of Removal stated that the WCCC Complaint was "related to" the dismissed 2016 Chapter 13 Case, and that the Notice was filed within 90 days of Murray's Motion to Reopen the 2016 Chapter 13 Case and within 90 days after the 2019 Chapter 13 Case was commenced. (*Id.*) The removal caused the state court to administratively close the state court case. (*Id.* at PageID.548-49, 3/29/19

---

[2] Murray had filed two other bankruptcy cases between the 2016 Case and the 2019 Case, which were both dismissed for failure to make proposed plan payments and subsequently closed, Case Nos. 17-41767 and 18-52144.

Entry.) *See* 28 U.S.C. § 1446(d) (stating that upon filing of a notice of removal, "the State court shall proceed no further unless and until the case is remanded."). Safir Law states that Murray's counsel subsequently told him that he had filed the removal papers because he had failed to file a response brief to Safir Law's summary disposition motion in the state court. (ECF No. 3, Bankr. Record, PageID.536-37, Safir Aff. ¶ 5.)

The Bankruptcy Court initially reopened the 2016 Chapter 13 Case on April 11, 2019, but then vacated that order and closed that case on April 12, 2019, because Murray was not permitted to have two pending open bankruptcy cases. The Bankruptcy Court ordered that any future pleadings be filed in Murray's pending 2019 Chapter 13 Case. (ECF No. 3, Bankr. Record, PageID.1632, 1638-39, Order Reopen, Order Vacate.)

On June 19, 2019, Murray, through Finegood, filed a six-count adversary complaint ("AC") against Safir Law in his 2019 Chapter 13 Case, Case No. 19-03275. Murray sought in Count 1 of that adversary complaint to reopen the 2016 Chapter 13 case pursuant to Rule 60(d)(1), he alleged a turnover claim, violation-of-the-automatic-stay claim, and an attorney-fee claim in Count 2, and he alleged state law claims in Counts 3-6.

On August 20, 2019, the Bankruptcy Court dismissed Murray's 2019 Chapter 13 case "for failure to comply with the terms and conditions set forth in the Order Regarding Trustee's Motion to Dismiss," and also dismissed Murray's adversary proceeding against Safir Law because the Chapter 13 case had been dismissed. (Case No. 19-43879, ECF No. 72; Case No. 19-04275, ECF No. 21.) The Bankruptcy Court further ordered that Murray "is barred and enjoined from filing subsequent proceedings under Title 11 of the United States Code for a period of 180 days from the date of this order." (Case No. 19-43879, ECF No. 72.)

### D. Murray's Appeal of the Bankruptcy Court's Order Dismissing the Adversary Complaint Against Safir Law

On Murray's appeal of the Bankruptcy Court's order dismissing the adversary complaint against Safir Law, this Court affirmed the dismissal on subject-matter jurisdiction grounds. *In re Murray*, No. 19-12613, 2020 WL 5291964 (E.D. Mich. Sept. 4, 2020).

Murray appealed that decision, and the United States Court of Appeals for the Sixth Circuit affirmed the dismissal of Count 1 (to set aside the dismissal of Murray's 2016 Chapter 13 Case) and Counts 3 through 6 (the state law claims), but remanded Count 2 (involving a turnover claim, violation-of-the-automatic-stay claim, and an attorney-fee claim) to the Bankruptcy Court to "consider whether to

exercise its retained subject-matter jurisdiction to adjudicate" those claims. *In re Murray*, No. 20-1910, 2021 WL 4026732, at *5 (6th Cir. Sept. 3, 2021).

In Count 2 of the adversary complaint – the only Count remaining – Murray alleged that Safir Law refused to deliver the $61,000 settlement check to the Chapter 13 estate when "apparently requested" to do so by Murray's then bankruptcy lawyer, and that this alleged refusal was a violation of Safir Law's "turnover" obligations under 11 U.S.C. § 542, and a violation of the automatic stay imposed by 11 U.S.C. 362(a). (ECF No. 3, Bankr. Record, PageID.220-24, AC ¶¶ 45-56.) Murray requested that Safir Law "deliver and account" for the $61,000 settlement proceeds "to the Chapter 13 Estate" and enter judgment for Murray for actual damages, punitive damages, and attorney fees. (*Id.*)

The Sixth Circuit Court of Appeals explained in its September 3, 2021, Opinion that the claims in Count II – consisting of a turnover claim, a violation-of-the-automatic-stay claim, and an attorney fee claim – are "core proceedings" over which the Bankruptcy Court retained subject matter jurisdiction, even though the underlying bankruptcy case had been dismissed. *In re Murray*, No. 20-1910, 2021 WL 4026732, at *5 (6th Cir. Sept. 3, 2021) (explaining that "dismissal of an underlying bankruptcy case does not automatically strip a federal court of residual jurisdiction to dispose of matters after the underlying bankruptcy case has been

12

dismissed.") (quoting *In re Javens*, 107 F.3d 359, 364 n.2 (6th Cir. 1997)). However, the exercise of such residual jurisdiction is left to the "sound discretion" of the Bankruptcy Court. *Id.* The Sixth Circuit stated that "[f]our factors guide that discretion: 'economy, convenience, fairness, and comity.'" *Id.* (quoting *Peabody Landscape Constr. Inc. v. Schottenstein*, 371 B.R. 276, 281 (S.D. Ohio 2007)). The Sixth Circuit Court of Appeals thus remanded this case for the Bankruptcy Court to consider whether to "exercise its discretion regarding whether to retain residual jurisdiction over count two." *Id.*

### E. The Bankruptcy Court's November 22, 2021 Order on Remand

On remand from the Sixth Circuit Court of Appeals, the Bankruptcy Court issued a briefing schedule to address the determination of whether the court should exercise its retained subject-matter jurisdiction to adjudicate the claims in Count 2 of the adversary complaint, and then held oral argument on November 18, 2021. (ECF No. 3, Bankr. Record, PageID.148-84, Transcript.)

On November 22, 2021, the Bankruptcy Court read its Opinion from the bench. (ECF No. 3, Bankr. Record, PageID.185-98, Bench Opinion.) The court first analyzed each of the claims alleged in Count 2, and then specifically addressed the four factors identified in the Sixth Circuit Court of Appeals' remand instructions.

13

The Bankruptcy Court determined that the three remaining claims in Count 2 had little merit. First, with respect to Murray's turnover claim, the court noted that 11 U.S.C. § 542 grants turnover rights under two circumstances: (1) for turnover of property that the trustee "may use, sell, or lease" under 11 U.S.C. § 363; and (2) for turnover of property that the debtor "may exempt" under 11 U.S.C. § 522. (*Id.* PageID.186-87.) The court found neither circumstance to be applicable in this case. (*Id.*) The court held that because Murray's bankruptcy petition had been dismissed, there was no bankruptcy estate, and therefore no available mechanism to distribute any property to creditors and, thus, no property that the trustee may "use, sell or lease" pursuant to § 363. (*Id.*) Likewise, the court found that Murray was not a "debtor" that may exempt property under § 522. (*Id.*) The court further found that it was undisputed that Safir Law did not "possess, have custody of, or control" the settlement proceeds while the Chapter 13 Case was pending, as required by § 542 (applying to property "in possession, custody, or control, *during the case*, …). (*Id.*) The court found that Murray "seeks a windfall whereby the settlement proceeds are disgorged *to him* for *his* discretionary use with no responsibility to pay creditors, an extremely unfair result." (*Id.* PageID.187-88 (emphases added).)

The court next considered Murray's claim for violation of the automatic stay, stating that it was not "certain [from its review of the complaint and proceedings]

14

regarding the creditor's conduct that violated the automatic stay." (*Id*. PageID.188.) The court stated that it appeared that Murray was alleging that Safir Law "failed to expedite the settlement of the state law claims and turn over the funds to [Murray]." (*Id*.) The court found, however, that, as Murray himself alleged in his adversary complaint, the proceeds were in the possession of Allstate while the bankruptcy was pending, not Safir Law, and were only received by Safir Law after Murray's 2016 Chapter 13 Case had been dismissed, and thus it was difficult to understand how Safir Law interfered with the property of the bankruptcy estate. (*Id*.) The court further noted that while Murray alleged that the settlement check became the property of the bankruptcy estate when the check was issued on the August 4, 2016, Safir Law did not "possess or control the check" until after the bankruptcy case was dismissed. (*Id*.) The court found that "the settlement proceeds were distributed according to the state court order … [and] it does not appear that the proceeds of the state law claim were ever property of the bankruptcy estate *at the time* of the alleged stay violation." (*Id*. PageID.189 (emphasis added).)

Third, with regard to Murray's attorney fee claim, the court found that there is no dispute that Safir Law received its compensation after the bankruptcy petition had been dismissed. (*Id*. PageID.189, 191.) The court noted that Murray's complaint does not identify a section of the code that has been violated but presumes that

Murray seeks review of the fees for a determination of reasonableness, pursuant to 11 U.S.C. §§ 329, 330. (*Id.* PageID.189.) The court found that even if Safir Law had been required to file a statement pursuant to 11 U.S.C. § 329, it is doubtful that the court would have found the compensation excessive, reasoning that: (a) the distribution of the proceeds, including the compensation to Safir Law, was approved by the state court order; (b) the one-third fee on the recovery is standard for such cases; and (c) it appeared that Safir Law provided a valuable service to plaintiff. (*Id.* PageID.191) The court noted that § 329 requires excess compensation be returned to the bankruptcy estate or the source – in this case, Allstate. (*Id.*) There was no longer any bankruptcy estate, and the court found that "it would be unfair to require the settlement proceeds to be disgorged to [Murray]" and that there was no reason to return the funds to Allstate. (*Id.*) The court was convinced that Safir Law's compensation was reasonable and that it "would be extremely unfair to require disgorgement" under the circumstances of this case. (*Id.* PageID.192.) Rather, claims regarding attorney fees, professional liability, or violation of ethical obligations could be pursued in state court, and the court noted that, in fact, "[Murray] had a pending claim in state court that he improperly removed through the 2016 closed bankruptcy petition on March 29, 2019." (*Id.*)

16

The Bankruptcy Court noted that the state court had dismissed four counts of the complaint and sanctioned Murray's counsel for his failure to perform the reasonable inquiry required under the applicable state court rule before filing the complaint. (*Id*.) The Bankruptcy Court further noted that, at the hearing, Murray's counsel agreed that the state court case was removed on the morning the summary disposition was to be heard, and that he had failed to file a response brief to the summary disposition motion. (*Id*.) The court found that, "[Murray's] counsel appears to be engaged in forum shopping. Having failed to file a response to a dispositive motion in the state court, he decided to try his luck in the bankruptcy court by improperly removing the state court case to a closed bankruptcy case." (*Id*. PageID.193.)

The court next turned to the four factors used to determine whether to retain jurisdiction over the adversary proceeding – economy, convenience, fairness, and comity. (*Id*.) The court first noted that while it allowed Murray time and opportunity to brief the residual jurisdiction issue "per the Sixth Circuit directive to analyze the four applicable factors," he did not address those relevant factors in his brief or at oral argument. (*Id.*) The Bankruptcy Court then reviewed and applied the analysis employed in *Peabody Landscape Construction, Inc. v. Schottenstein*, 371 B.R. 276, 281 (S.D. Ohio 2017), finding that in this case, like in *Peabody*, the adversary

17

proceeding "is in its infancy and not tied to the bankruptcy as the settlement proceeds were not received until after the bankruptcy was dismissed. [Murray's] ability to litigate the dispute over attorney fees in state court is not impaired. Any inconvenience to [Murray] is slight." (*Id*. PageID.195.)

The Bankruptcy Court concluded:

Under these circumstances, it would be bad policy to retain residual jurisdiction when there is no longer a bankruptcy estate. As a result of the dismissal of the petition, [Murray] has no duties or responsibilities to the bankruptcy court or under the bankruptcy code; specifically, [Murray] is not bound by the section 11 USC [§] 521, duties of the debtor. Granting the relief requested would result in a windfall to [Murray] with no requirement to pay any of his creditors with the funds, an unfair result. As a result of the order of the Wayne County Circuit Court case, some of [Murray's] medical debts have been paid.

Further, [Murray's] track record shows that he is a serial filer that has no intent to repay creditors. [Murray] has filed seven bankruptcy cases since 2002 as follows: 02-62891, a Chapter 7 case, and then 15-49408, 15-57101, 16-46387, 17-481767, 18-52144, and 1943879. The 2002 case is indicated with a Chapter 7 with no discharge. The other six cases were Chapter 13s that were not confirmed and dismissed for failure to make plan payments. Further, in the 2019 Chapter 13 petition, the Court imposed a 180-day bar to refiling any bankruptcy petitions.

[Murray] does not appear to have a legitimate bankruptcy purpose when filing bankruptcy petitions. As argued on the record during the hearing, [Murray] seeks disgorgement of the settlement proceeds to the trustee so that they can be returned to [Murray] because there is no bankruptcy estate. This would be again, an unfair result.

Finally, while the Court gave [Murray] ample opportunity to provide a reason for the Court to exercise residual jurisdiction, no compelling

basis has been provided to the Court. Accordingly, the Court declines
to retain jurisdiction and this adversary proceeding is dismissed. . . .

(*Id*. PageID.195-97, paragraphing modified).

On December 7, 2021, Murray filed his Notice of Appeal of the Bankruptcy

Court's decision in this Court. (ECF No. 1, Notice of Appeal.)

### F. This Court's May 27, 2022 Opinion and Order Affirming the Bankruptcy Court's Decision

On May 27, 2022, this Court entered its Opinion and Order affirming the

Bankruptcy Court's decision. *In re Murray*, No. 21-12848, 2022 WL 1714623 (E.D.

Mich. May 27, 2022). This Court agreed with the Bankruptcy Court's careful and

reasoned analysis of the merits of Murray's claims and found that Murray waived

consideration of the four *Peabody* factors by his complete failure to address them on

appeal. *Id.* This Court stated:

> On appeal, Murray fails to directly address the bankruptcy court's
> rulings or explain how the bankruptcy court abused its discretion, and
> he in fact never mentions the four factors, let alone even use the words
> "economy," "convenience," "fairness," or "comity" anywhere in his
> opening brief. This Court finds that Murray has failed to show that the
> bankruptcy court misapplied the law or abused its discretion, and thus
> affirms the bankruptcy court's November 22, 2021 Order declining to
> exercise residual jurisdiction and dismissing the adversary proceeding.

*Id.* at *8.

19

## G. The Sixth Circuit's March 29, 2023 Opinion Affirming the Bankruptcy Court

Murray then appealed that decision to the Sixth Circuit Court of Appeals, which issued an opinion on March 29, 2023, finding that the Bankruptcy Court did not abuse its discretion in declining to exercise residual jurisdiction and thus affirming the Bankruptcy Court's and this Court's opinions. *In re Murray*, No. 22-1514, 2023 WL 2682372 (6th Cir. Mar. 29, 2023). Specifically, after summarizing the factual and procedural history of this case, the Court simply opined:

> After reviewing the law and the parties' arguments, we conclude that the bankruptcy court did not abuse its discretion in declining to exercise residual jurisdiction…. The bankruptcy court's analysis of the merits is sound, as the district court recognized. Murray's counterarguments on appeal wholly fail to persuade us that any error occurred. And while Murray now discusses the four factors (albeit briefly), he fails to provide a particularized analysis as to how the bankruptcy court erred in considering those factors (per our prior instruction) and in determining their applicability. In that absence, we cannot conclude that the bankruptcy court abused its discretion in its assessment.

*Id.* at *2.

## H. Safir Law's Motion for Sanctions

After this Court entered its Opinion and Order affirming the Bankruptcy Court's decision, and before Murray filed his Notice of Appeal, Appellee Safir Law filed the instant Motion for Sanctions against Murray pursuant to Fed. R. Bankr. P 8020 and 28 U.S.C. § 1927. (ECF No. 21.) Murray filed a Response in opposition to

20

the Motion for Sanctions (ECF No. 24), and Safir Law filed a Reply brief. (ECF No. 25.)

## II. STANDARDS

### A. Bankruptcy Rule 8020

Rule 8020 of the Federal Rules of Bankruptcy Procedure provides:

> If a district court ... determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion ... and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

Fed. R. Bankr. P. 8020. This rule was added to clarify that a district court hearing an appeal has the same authority to award damages and costs to an appellee as Federal Rule of Appellate Procedure 38 gives to appellate courts. Fed. R. Bankr. P. 8020 advisory committee's note; *In re Reese*, 485 F. App'x 32, 35 (6th Cir. 2012). Thus, in determining a motion for sanctions under Bankruptcy Rule 8020, the Sixth Circuit has advised that courts look to cases applying Appellate Rule 38. *Id.*

Sanctions awards serve both a compensatory and a deterrent purpose. *Wachovia Secs., LLC v. Loop Corp.*, 726 F.3d 899, 910 (7th Cir. 2013). Rule 8020 sanctions "compensate the prevailing party for the expense of having to defend a wholly meritless appeal, and by deterring frivolity, they preserve the appellate calendar for cases truly worthy of consideration." *Dungaree Realty, Inc. v. United*

21

*States,* 30 F.3d 122, 125 (Fed. Cir. 1994) (internal quotation marks omitted); *see also In re Reese,* 485 F. App'x at 35.

The Sixth Circuit Court of Appeals, in ruling on a motion for sanctions under Rule 8020, has "held that sanctions are warranted … 'only in the rare case when an appeal involves an improper purpose, such as harassment or delay, or when … an appeal consists of baseless or improperly raised arguments." *In re Reese*, 485 F. App'x at 35 (quoting *B&H Med., LLC v. ABP Admins., Inc.*, 526 F.3d 257, 271 (6th Cir. 2008) (citation and internal quotations marks omitted)). In awarding sanctions, the Court must determine that the appeal is frivolous. *See Conway v. Nusbaum*, 109 F. App'x 42, 43 (6th Cir. 2004). A bankruptcy appeal is frivolous if "the result is obvious or when the appellant's argument is wholly without merit." *Smyth v. Edamerica, Inc. (In re Smyth)*, 470 B.R. 459, 462 (6th Cir. BAP 2012); *Ramirez v. Debs-Elias*, 407 F.3d 444, 450 (1st Cir. 2005) (sanctions warranted where "the overwhelming weight of precedent was against appellant's position, where appellant could set forth no facts to support its position, or where, in short, there simply was no legitimate basis for pursuing an appeal").

"Courts consider a variety of factors in deciding whether to impose sanctions under Rule 8020" including:

bad faith on the part of the appellant; that the argument presented on appeal is meritless *in toto*; and, whether only part of the argument is frivolous. In addition, the court will consider whether appellant's argument: addresses the issues on appeal properly; fails to support the issues on appeal; fails to cite any authority; cites inapplicable authority; makes unsubstantiated factual assertions; makes bare legal conclusions; or, misrepresents the record.

*In re Sokolik*, 635 F.3d 261, 270 & n.4 (7th Cir. 2011). The amount of damages that

should be awarded for a frivolous appeal is a matter of discretion. *In re Reese*, 485

F. App'x at 36 (citation omitted).

### B. 28 U.S.C. § 1927

Section 1927 states:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

Sanctions are warranted under § 1927 if counsel "falls short of the obligations

owed by a member of the bar to the court and which, as a result, causes additional

expense to the opposing party." *Rentz v. Dynasty Apparel Indus., Inc.,* 556 F.3d 389,

396 (6th Cir. 2009) (quoting 28 U.S.C. § 1927). An attorney may be sanctioned

under § 1927 "without a finding of bad faith, at least when an attorney knows or

reasonably should know that a claim pursued is frivolous, or that his or her litigation

tactics will needlessly obstruct the litigation of nonfrivolous claims." *Id.* (internal quotation marks and citation omitted). Sanctions require "more than negligence or incompetence" but "something less than subjective bad faith." *Hall v. Liberty Life Assurance Co. of Boston,* 595 F.3d 270, 276 (6th Cir.2010) (citation omitted). Sanctions under § 1927 may not be imposed because a claim was ultimately unsuccessful and an attorney that reasonably believes his claim is meritorious is not subject to sanctions. *Ridder v. City of Springfield,* 109 F.3d 288, 297-98 (6th Cir.1997).

The purpose of sanctions under § 1927 is "to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater,* 465 F.3d 642, 646 (6th Cir. 2006) (citing *Jones v. Continental Corp.,* 789 F.2d 1225, 1230-31 (6th Cir.1986)). "A sanctioned attorney is thus required to personally satisfy the excess costs attributable to his conduct." *Id.* (citing *In re Ruben,* 825 F.2d 977, 983 (6th Cir. 1987)).

An award of attorney fees under the statute rests within the sound discretion of the Court. *Kleinmark v. St. Catherine's Care Ctr.*, 585 F. Supp. 2d 961, 964 (N.D. Ohio 2008); *see also Red Carpet Studios*, 465 F.3d at 647 (stating that the district court could impose sanctions in a lump sum amount less than costs actually incurred by the opposing party upon finding that the amount was sufficient to provide

24

deterrence and punishment). "A court may include in the sanctions awarded under §

1927 the 'costs, expenses, and attorneys' fees' that the party awarded sanctions

incurred in obtaining the award." *Norelus v. Denny's, Inc.,* 628 F.3d 1270, 1298

(11th Cir. 2010) (quoting 28 U.S.C. § 1927). Liability under the statute, however, is

only for "excessive costs" and "the court should not shift the entire burden of an

action's defense under 28 U.S.C. § 1927 unless the entire course of proceedings was

unwarranted." *Pierzynowski v. Police Dept. City of Detroit*, 947 F. Supp. 1147, 1151

(E.D. Mich. 1996) (citing *In re Ruben*, 825 F.2d at 988) ("the only **excess** costs,

expenses and attorneys' fees awardable are those that have been "**reasonably**

**incurred**" as a result of the wrongful multiplication of the proceedings, thereby

imposing a requirement for mitigation.") (emphases in original). Finally, "when a

court metes out a sanction, it must exercise such power with restraint and discretion."

*Mapother & Mapother, P.S.C. v. Cooper (In re Downs),* 103 F.3d 472, 478 (6th Cir.

1996) (citing *Chambers v. NASCO,* 501 U.S. 32, 44 (1991)).

### III.    ANALYSIS

Appellee Safir Law argues in its Motion for Sanctions that an award of

sanctions is appropriate against both Murray and his counsel, Finegood, pursuant to

Fed. R. Bankr. P. 8020, and solely against Finegood under 28 U.S.C. § 1927. Safir

Law argues that Murray knew that the Bankruptcy Court's November 22, 2021,

decision declining to retain jurisdiction over Murray's adversary proceeding against Safir Law was wholly discretionary and subject to an abuse-of-discretion standard of review by this Court. Safir Law points to Murray's and his counsel's prior actions in the state court litigation and Bankruptcy Courts, asserting that Murray is a "serial filer of bankruptcy petitions" and that his request that Safir Law turn over the attorney fees to him without any bankruptcy obligations would grant him an unfair windfall. Safir Law further argues that Murray made frivolous arguments on appeal to this Court and failed to seriously engage with the Bankruptcy Court's analysis of his automatic stay, turnover, and attorney fee claims. Murray also wholly failed to address any of the four *Peabody* factors on appeal to this Court that the Sixth Circuit had ruled were critical considerations on remand (economy, convenience, fairness, and comity). This Court found that Murray therefore waived consideration of those factors.

Indeed, in this Court's May 27, 2022, Opinion and Order, it found:

On appeal, Murray fails to directly address the bankruptcy court's rulings or explain how the bankruptcy court abused its discretion, and he in fact never mentions the four factors, let alone even uses the words "economy," "convenience," "fairness," or "comity" anywhere in his opening brief. Thus the Court finds that Murray has failed to show that the bankruptcy court misapplied the law or abused its discretion, and thus affirms the bankruptcy court's November 22, 2021 Order declining to exercise residual jurisdiction and dismissing the adversary proceeding.

26

*In re Murray*, 2022 WL 1714623, at *8.

In his Response in opposition to Safir Law's Motion for Sanctions, Murray fails to meaningfully respond to Safir Law's arguments in that motion regarding the frivolousness of his appeal to this Court and instead re-asserts arguments already considered, and rejected, by the Bankruptcy Court, this Court, and now the Sixth Circuit Court of Appeals. Murray generally makes policy-based arguments based on "the public interest" to "vindicate" rights that the Bankruptcy Code confers on a party, and/or presents new arguments not made before to this Court. Murray fails to address, much less dispute, Safir Law's calculations of its fees or the reasonableness of the sanctions sought.

Upon consideration of the parties' briefing, and review of the prior proceedings, the Court agrees with Safir Law that Murray's appeal to this Court was frivolous within the meaning of Bankruptcy Rule 8020, and that Finegood has unreasonably and vexatiously multiplied the proceedings under 28 U.S.C. § 1927.

### A. Rule 8020 Sanctions

The Court finds Murray's appeal of the Bankruptcy Court's November 22, 2021, Opinion and Order to this Court is frivolous under Rule 8020. The Bankruptcy Court issued a careful and detailed opinion explaining why the three claims in Count

2 of the Adversary Complaint had little merit, stating (1) there was no bankruptcy estate at the time of the state court settlement to which Safir Law could turn over the settlement funds; (2) no violation of the automatic stay occurred because the state settlement proceeds were never property of the bankruptcy estate; and (3) there was no attorney fee issue because Safir Law neither represented Murray in the 2016 bankruptcy case nor received proceeds during that case. The Bankruptcy Court then thoughtfully applied the analysis employed in *Peabody*, as directed by the Sixth Circuit on remand, and explained that those factors weighed against retaining jurisdiction. The Bankruptcy Court noted in its opinion that:

> [T]he Court allowed plaintiff time and opportunity to brief the residual jurisdiction issue per the Sixth Circuit directive to analyze the four applicable factors. While plaintiff filed a supplement, it does not address the relevant factors. During argument, plaintiff's counsel repeatedly stated there is cause for the Court to exercise jurisdiction. That is not the legal standard. Whereafter the decision is discretionary after consideration of the four factors.

(*Id.* at PageID.193-94.)

The Bankruptcy Court then concluded its opinion by stating:

> Under these circumstances, it would be bad policy to retain residual jurisdiction when there is no longer a bankruptcy estate. As a result of the dismissal of the petition, [Murray] has no duties or responsibilities to the bankruptcy court or under the bankruptcy code; specifically, [Murray] is not bound by the section 11 USC [§] 521, duties of the debtor. Granting the relief requested would result in a windfall to [Murray] with no requirement to pay any of his creditors with the funds,

28

an unfair result. As a result of the order of the Wayne County Circuit Court case, some of [Murray's] medical debts have been paid.

Further, [Murray's] track record shows that he is a serial filer that has no intent to repay creditors. [Murray] has filed seven bankruptcy cases since 2002 as follows: 02-62891, a Chapter 7 case, and then 15-49408, 15-57101, 16-46387, 17-481767, 18-52144, and 1943879. The 2002 case is indicated with a Chapter 7 with no discharge. The other six cases were Chapter 13s that were not confirmed and dismissed for failure to make plan payments. Further, in the 2019 Chapter 13 petition, the Court imposed a 180-day bar to refiling any bankruptcy petitions.

[Murray] does not appear to have a legitimate bankruptcy purpose when filing bankruptcy petitions. As argued on the record during the hearing, [Murray] seeks disgorgement of the settlement proceeds to the trustee so that they can be returned to [Murray] because there is no bankruptcy estate. This would be again, an unfair result.

Finally, while the Court gave [Murray] ample opportunity to provide a reason for the Court to exercise residual jurisdiction, no compelling basis has been provided to the Court. Accordingly, the Court declines to retain jurisdiction and this adversary proceeding is dismissed[.]

(ECF No. 3, Bankr. Record, PageID.195-97, paragraphing modified).

Murray's brief on appeal to this Court from the Bankruptcy Court was similarly substantively deficient. Murray failed to properly address the issues on appeal, dispute the Bankruptcy Court's factual findings that formed the foundation of its decision, failed to cite to relevant case law supportive of his arguments in his appeal, and otherwise failed to seriously engage with the Bankruptcy Court's analysis of the merits of his claims or its reasons for not retaining residual

29

jurisdiction. This Court readily found that "Murray has failed to show that the bankruptcy court misapplied the law or abused its discretion[.]" *In re Murray*, 2022 WL 1714623, at *8. The Bankruptcy Court's decision was well-grounded, detailed, and carefully reasoned. This Court explained in denying Murray's appeal that "Murray fails to directly address the bankruptcy court's rulings or explain how the bankruptcy court abused its discretion, and he in fact never mentions the four [*Peabody*] factors, let alone even use the words 'economy,' 'convenience,' 'fairness,' and 'comity' anywhere in his opening brief." *Id.*

The Court finds, in the exercise of its broad discretion, that the conclusions by the Bankruptcy Court set forth above in its decision, coupled with Murray's failure to meaningfully address the issues on appeal to this Court and his complete failure to even address the four *Peabody* factors in its briefing to this Court, demonstrate the frivolity of Murray's appeal to this Court under Rule 8020, and justify the imposition of sanctions. Murray failed to set forth a good faith basis for his challenge to the Bankruptcy Court's discretionary decision.

Having made that determination, the next issue to be addressed is the amount of those sanctions. Safir Law establishes in its motion that it has incurred $6,408.00 in attorney fees in the preparation of its appellee brief, and that it has incurred an additional $5,496.00 in attorney fees for the preparation of its instant sanctions

motion, for a total amount of $11,904.00. Safir Law unquestionably incurred additional fees in the preparation of its Reply brief in support of its motion for sanctions. Murray and Finegood do not address, much less challenge, these figures or the time entries attached as an exhibit to Safir Law's motion. They do not argue that the figures are too high or otherwise unreasonable.

Safir Law seeks sanctions under Rule 8020 in the amount of $6,408.00, for attorney fees against both Murray and Finegood, jointly and severally, which represents the attorney fees Safir Law incurred for the preparation of its appellee brief. Under Bankruptcy Rule 8020, the Court may assess "just damages and single or double costs" as sanctions against both Murray and his counsel, Finegood, for the filing of a frivolous appeal. Fed. R. Bankr. P. 8020. "The amount of damages that should be awarded for a frivolous appeal is a matter of discretion." *In re Reese*, 485 F. App'x at 36 (citing 16AA Charles Alan Wright et al., *Federal Practice and Procedure* § 3948.1 (4th ed.)). The Court may impose "just damages" in the form of a lump-sum monetary penalty or attorney's fees. *See* 10 LAWRENCE P. KING, COLLIER ON BANKRUPTCY ¶ 8020.07 (16th ed. 2020). A lump-sum amount may be in whatever amount the Court feels is warranted under the Rule. *Id.* (citing *Farguson v. MBank Houston*, 808 F.2d 358 (5th Cir. 1986); *Seraphin v. Morris Pub. Group*

*.00LLC (In re Morris Pub. Group LLC)*, 2012 U.S. Dist. LEXIS 53293 (S.D. Ga. Apr. 16, 2012)).

In consideration of the above facts of this matter, the Court exercises its discretion and determines Murray and his counsel pursued this appeal "with no reasonable expectation of altering the [bankruptcy] court's judgment," *Allinder v. Inter-City Prods. Corp. (USA)*, 152 F.3d 544, 552 (6th Cir. 1988) (citation omitted), but rather for purposes of delay, harassment, or other improper purposes, and that an award of "just damages" in the amount $5,000.00 against Murray and Finegood, jointly and severally, for filing the frivolous appeal is appropriate to achieve the compensatory and deterrent purposes of Rule 8020.

### B. Section 1927 Sanctions

Turning to Safir Law's request for sanctions against Finegood under 28 U.S.C. § 1927, the Court finds that Finegood engaged in a course of vexatious conduct designed to delay, multiply, and increase the cost of the proceedings. This Court's determination is not made in a vacuum. Finegood's conduct in the litigation before this Court, and in the litigation leading up to these proceedings, has unreasonably and vexatiously multiplied the proceedings in violation of 28 U.S.C. § 1927. Murray's appeal to this Court was filed in another step in that persistent pattern of improper litigation tactics seeking an unfair result.

As the Bankruptcy Court explained in its November 22, 2021, Opinion:

[Murray's] track record shows that he is a serial filer that has no intent to repay creditors. [Murray] has filed seven bankruptcy cases since 2002 as follows: 02-62891, a Chapter 7 case, and then 15-49408, 15-57101, 16-46387, 17-481767, 18-52144, and 1943879. The 2002 case is indicated with a Chapter 7 with no discharge. The other six cases were Chapter 13s that were not confirmed and dismissed for failure to make plan payments. Further, in the 2019 Chapter 13 petition, the Court imposed a 180-day bar to refiling any bankruptcy petitions.

[Murray] does not appear to have a legitimate bankruptcy purpose when filing bankruptcy petitions. As argued on the record during the hearing, [Murray] seeks disgorgement of the settlement proceeds to the trustee so that they can be returned to [Murray] because there is no bankruptcy estate. This would be again, an unfair result.

Finally, while the Court gave [Murray] ample opportunity to provide a reason for the Court to exercise residual jurisdiction, no compelling basis has been provided to the Court. Accordingly, the Court declines to retain jurisdiction and this adversary proceeding is dismissed. . . .

(*Id*. PageID.195-97, paragraphing modified). The Bankruptcy Court recognized that granting Murray the relief requested in the adversary complaint filed by Finegood "would result in a windfall to [Murray] with no requirements to pay any of his creditors with the funds, an unfair result." *Id.* The Court found that Murray "improperly removed" the state law case to the closed bankruptcy case and "appear[ed] to be engaging in forum shopping" after he "failed to file a response to a dispositive motion in the state court." (*Id.* at PageID.192-93.)

Then, on appeal to this Court, Finegood failed to meet his burden to seriously engage with the Bankruptcy Court's findings and its careful analysis of Murray's claims, and failed to articulate how the Bankruptcy Court abused its discretion in reaching its decision. Finegood wholly failed to address the four *Peabody* factor issues that the Sixth Circuit Court of Appeals mandated be addressed on remand. The Court finds therefore that Finegood's conduct objectively "falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense" to Safir Law.

The Court therefore concludes that an award of sanctions is appropriate against Finegood under 28 U.S.C. § 1927. Under 28 U.S.C. § 1927, the Court may assess sanctions against Finegood only, not against his client Murray, for "multipl[yin] the proceedings" "unreasonably and vexatiously." Safir Law seeks a sanction award of $11,904.00 against Finegood under this section, for the costs incurred in the preparation of its appellate brief and in the filing of this motion for sanctions. Safir Law recognizes that it is not entitled to a double recovery, and that it may only recover its fees incurred in the preparation of appellee's brief one time.

The Court determines, in the exercise of its discretion, that an award against Finegood in the amount of $5,000.00 for personally violating § 1927, in addition to the award under Rule 8020 above against Murray and Finegood, jointly and

severally for the filing of the frivolous appeal, is appropriate in this case. The purpose of sanctions under § 1927 is "'to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." *In re Royal Manor Mgmt., Inc.*, 525 B.R. 338, 365-66 (6th Cir. BAP 2015) (citation omitted).

"To award fees and costs pursuant to § 1927, the court must find that the attorney not only multiplied the proceeding, but that the attorney did so in objective bad faith or knew or should have known the actions were frivolous." *Montedonico v. Blasingame (In re Blasingame),* 559 B.R. 676, 686-89 (6th Cir. BAP 2016). The methods used for the pursuit of Murray's claims throughout this litigation were a continuing act of vexatious conduct. Finegood created and unreasonably multiplied the proceedings throughout the prosecution of this matter, continuing with the appeal to this Court, and concluding with the necessity for the filing of the instant motion for sanctions, and he must pay the consequences. *See The Continental Corp.*, 789 F.2d at 1230 ("An attorney's ethical obligation of zealous advocacy on behalf of his or her client does not amount to carte blanche to burden the federal courts by pursuing claims that are frivolous on the merits, or by pursuing nonfrivolous claims through the use of multiplicative litigation tactics that are harassing, dilatory, or otherwise 'unreasonable and vexatious.'"). Finegood knew or should have known that his actions were frivolous and that his litigation tactics vexatiously multiplied

the proceedings at the expense of Safir Law, and he should pay the excess costs, expenses, and attorney fees reasonably incurred because of his conduct.

Safir Law put forth evidence it incurred another $5,496.00 in fees and costs in preparing the instant motion for sanctions. Safir Law undoubtedly incurred additional fees and costs in preparing the filing its reply brief in support of its motion. The Court exercises its discretion and awards sanctions against Finegood in the amount of $5,000.00, which is in addition to the award of sanctions under Rule 8020 related to the cost of responding to the frivolous appeal awarded against Murray and Finegood, jointly and severally.

## IV.   CONCLUSION

For the reasons set forth above, the Court **GRANTS** Appellee Safir Law's Motion for Sanctions (ECF No. 21), and **ORDERS**:

(1) Sanctions are **AWARDED** against Plaintiff/Appellant Juannelious Murray and his attorney, Steven A. Finegood, jointly and severally, in the amount of **$5,000.00**, under Fed. R. Bankr. P. 8020 for filing a frivolous appeal; and

(2) Additional sanctions are **AWARDED** against attorney Steven A. Finegood, solely, in the amount of **$5,000.00**, under 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying the proceedings in this matter.

The sanctions awarded shall be paid to Defendant/Appellee Safir Law P.L.C.

within **30 days** of this Order.

IT IS SO ORDERED.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: August 17, 2023